IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Cr. No. 1:23-CR-073-001 |
| KRISTOPHER PAUL WHITE | |

SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America, by Julie M. White, Assistant United States Attorney for the District of Rhode Island, and hereby files a sentencing memorandum in support of a sentence of twelve months of incarceration in the above-captioned matter. The PSR sets forth Defendant's total offense level as ten and he falls within criminal history Category I, which results in an advisory guideline range of six months to twelve months. *See* PSR ¶ 78.

Defendant's conduct – using his position of trust as a corrections officer to sneak contraband into the facility for an inmate – justifies a sentence of twelve months' imprisonment, and this recommendation honors the commitment agreed upon in the plea agreement. ECF 21, p.2a. As set forth below, such a sentence properly reflects the factors referenced in 18 U.S.C. § 3553(a), in that it adequately addresses Defendant's conduct, reflects the nature of the offense, and provides a deterrent effect.

Nature and Circumstances of the Offense

Defendant was employed as a Correctional Officer at the Donald W. Wyatt Detention Facility ("facility") from December 2019 through December 3, 2021. Facility authorities discovered an inmate-driven conspiracy to smuggle controlled substances into the facility. When approached by the inmate, Defendant agreed to participate in the scheme.

1

Defendant, outside of work hours, drove to a predetermined location to meet the inmate's associate and obtained several pieces of paper soaked in a synthetic cannabinoid. Defendant received a cash payment from the associate for his participation.

On December 2, 2021, Defendant went to work at the facility. During his shift, Defendant left the facility and retrieved the contraband from his vehicle. As he reentered the facility to make the delivery, he was intercepted by Wyatt Professional Standards Unit officials. The papers were recovered and tested by the Rhode Island Department of Health Division of Laboratories Forensic Drug Chemistry. They revealed the presence of MDMB-4en-PINACA, a Schedule-I controlled substance.

Defendant was subsequently charged by a federal grand jury sitting in the District of Rhode Island for his part in this scheme. The inmate orchestrating the scheme and several others were separately charged for their respective roles. *See* 1:22-cr-00111-WES-PAS. The inmate received a sentence of 24 months' incarceration. *Id*. at ECF 56.[1]

History and Characteristics of Defendant

Defendant is 26 years of age and stands convicted of Attempt to Provide Contraband in Prison. He appears to have familial support in the form of a fiancé and her relatives, as well as a sister. *See* PSR ¶ 35, 36, 42. Defendant graduated high school and holds a certification through the National Institute for Automotive Service Excellence (ASE). PSR ¶¶ 62-63. He demonstrates a history of gainful employment. PSR ¶¶ 66-69.

Defendant reports that he struggles with anxiety and depression due to his difficult childhood and relationship with his brother. PSR ¶ 50. Defendant has taken steps to address these

---

[1] The other cases are pending at the time of this filing.

challenges, namely seeking weekly treatment with a therapist. PSR ¶ 52. Defendant has previously taken medication to assist in combating these issues. PSR ¶ 53. Defendant's medical records disclose additional provisional diagnoses of bipolar disorder, post-traumatic stress disorder, and ADHD. PSR ¶ 54.

### Dangers of Drugs in Correctional Facilities

Drug contraband is an ongoing battle in detention and correctional facilities, made ever-more challenging by the difficulties in detecting drugs inside these facilities.[2] As more sophisticated systems of smuggling are developed, such as those employed in this case, detection becomes harder. Corrections officers must therefore be vigilant in their efforts to keep contraband from entering their facilities. Drugs are used as currency and further gang activity inside a facility, thereby destabilizing the prison system.[3] In addition to driving gang activities, synthetic cannabinoids, like those smuggled in by Defendant, have dangerous and unpredictable effects upon users. Acting on the same brain receptors as THC, they are 100 times more potent than THC and can cause loss of motor coordination, confusion, hallucinations, agitation, seizures, and possible death.[4] These effects can lead to serious safety concerns for both staff and inmates, as users may experience violent, aggressive outbursts that can result in physical harm.[5]

### Betrayal of Trust

A correctional officer at the Donald W. Wyatt Detention Facility is charged with "ensuring

---

[2] Criminal Justice Testing and Evaluation Consortium (2021). *Detecting and Managing Drug Contraband*. Retrieved from https://cjtec.org/files/65532e9ccfa51.

[3] *Id.*

[4] *Id.*

[5] *Id.*

the welfare of detainees and maintaining security, control, and custody in a direct supervision jail."[6] Direct supervision facilities are modeled after a proactive concept of direct detainee supervision, in which inmates are responsible for controlling their behavior to influence their privileges and treatment.[7] In contrast to traditional reactive containment models, correctional officers at facilities like the Wyatt have direct contact with inmates inside an assigned pod.[8]

Correctional officers, therefore, are essential to the successful functioning of a detention facility. In a direct supervision model in which officers are imbedded in pods with inmates, it is imperative that their behavior be beyond reproach for the prison culture to function successfully. Correctional officers are essential in the fight to combat drug contraband in prison facilities. While technology continues to evolve and provide tools to aid in detection, all of those are thwarted by a correctional officer on the take.

"A major concern with staff involvement in smuggling is their ability to circumvent the detection practices, thus enabling the trafficking of drugs into the prison facility with impunity."[9] Here, the staff at the detention facility had to focus its time and resources on policing one of its own. Defendant's actions eroded faith in the correctional system and undermined the rehabilitative efforts of those in the system. By participating in this scheme, Defendant went from being a guardian of the system to a criminal in its midst. Defendant's decision to participate in criminal

---

[6] Donald W. Wyatt Detention Facility. *Position Description Correctional Officer*. Retrieved from https://www.wyattdetention.com/Content/Files/public/Correctional_Officer_.pdf.

[7] Donald W. Wyatt Detention Facility. *Preliminary Application for Correctional Officers, Position Description – Correctional Officer*. Retrieved from https://www.wyattdetention.com/Employment/Correction-Officers/Position-Description-Requirements.

[8] *Id*.

[9] Criminal Justice Testing and Evaluation Consortium (2021). *Detecting and Managing Drug Contraband*. Retrieved from https://cjtec.org/files/65532e9ccfa51.

activity inside the detention facility warrants a twelve month sentence of incarceration. It is imperative that other corrections officers are discouraged from engaging in behaviors like Defendant's, or the system will devolve into a cesspool of violence and chaos.

## Conclusion

While Defendant has made strides to obtain employment and seek mental health treatment to improve his personal situation, this does not diminish the harm he caused to the very system he was sworn to uphold and protect. For the reasons set forth herein, the government respectfully requests the Court impose a within-guidelines sentence of twelve months in prison. Such a sentence will satisfy the sentencing factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

ZACHARY A. CUNHA
United States Attorney

*/s/ Julie M. White*

JULIE M. WHITE
Assistant U. S. Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of September 2024, I caused the within Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

                                          /s/ Julie M. White
                                          JULIE M. WHITE
                                          Assistant U. S. Attorney,
                                          U. S. Attorney's Office
                                          One Financial Plaza, 17th Floor
                                          Providence, RI 02903
                                          401-709-5000, 401-709-5001 (fax)